## DE WEES v. AMERICAN HOUSEHOLD FINANCE CO. OF TEXAS.

### No. 12311.

Court of Civil Appeals of Texas. Dallas.

Feb. 5, 1938.

Oren Parmeter, of Dallas, for appellant.

Taylor, Irwin & Irwin, of Dallas, for appellee.

BOND, Chief Justice.

Appellee, American Household Finance Company of Texas, instituted suit against appellant, H. F. DeWees, upon a note in the sum of $1,000, and for foreclosure of a chattel mortgage on an automobile; also sought appointment of a receiver on allegations that the defendant is wholly insolvent, that the automobile is insufficient in value to discharge the mortgage debt, and that the automobile is being injured and abused to plaintiff's irreparable loss. A receiver was appointed ex parte to take charge of the automobile, subject to further orders of the court, and notice directed to be given to the defendant to appear at a subsequent date, to show cause why the receivership should not be continued in force, the automobile sold, and the proceeds held pending the outcome of the suit.

Prior to the time set for the hearing, the defendant filed a motion to have the receivership vacated and the automobile returned to him, and, as grounds therefor, set out in sworn pleadings that the note for which the mortgage on the automobile was given had been fully paid, and that the $1,000 note sued on was not executed by him, or by any one with authority for him. On hearing of defendant's motion, plaintiff urged general demurrer to the petition. The court sustained the demurrer and, defendant declining to amend, dismissed defendant's motion, thus refusing to vacate the receivership.

We think the court erred in sustaining the general demurrer to the defendant's petition, and in dismissing the motion to vacate the receivership. Indeed, the matters alleged go to the merits of the suit, yet, if true, they present an absolute defense to any action of the plaintiff to dispossess him of his property. A general demurrer raises the presumption that the allegations of the defendant's pleadings are true; therefore, if the deed and mortgage on the automobile had been fully paid and the $1,000 note sued on had not been executed by the defendant, or by another with authority for him, as alleged in the petition, manifestly plaintiff would have no cause for the appointment of a receiver, to take charge of defendant's property; for, if the evidence on the hearing of the motion to vacate would have shown

276

or raised a reasonable doubt in the mind of the court as to the existence of a valid and subsisting debt and mortgage, it would have been the duty of the court to vacate the receivership.

Appellant was entitled to a hearing on the matters alleged, and, being deprived of such hearing by the action of the court in sustaining appellee's demurrer and dismissing the petition, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.